Youssef H. Hammoud (SBN: 321934)
L. Tegan Rodkey (SBN: 275830)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
E: tegan@pricelawgroup.com
*Attorneys for Plaintiff,*
*Rocio Maynez*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

ROCIO MAYNEZ,

Plaintiff,

v.

COMENITY BANK,

Defendant.

Case No.: 2:21-cv-00468

**COMPLAINT AND DEMAND FOR JURY TRIAL**

1. TCPA, 47 U.S.C. § 227 *et seq.*;
2. Cal Civ. Code § 1788 *et seq.*;
3. Intrusion Upon Seclusion

(Unlawful Debt Collection Practices)

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Rocio Maynez ("Plaintiff" or "Ms. Maynez"), through her attorneys, alleges the following against Defendant, Comenity Bank, ("Defendant" or "Comenity"):

///

///

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Plaintiff resides in the State of California, and therefore, personal jurisdiction is established.

5. Jurisdiction of the court arises under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

6. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in California.

8. Plaintiff is a debtor as defined by Cal. Civ. Code § 1788.2(h).

9. Defendant is a debt collector as that term is defined by Cal. Civ. Code §1788.2(c), and sought to collect a consumer debt from Plaintiff.

10. Defendant is a banking institution engaged in the business of giving credit and the collection of debt. Defendant can be served through its registered agent, The Corporation Trust Company, located at 1209 N. Orange St., Wilmington, Delaware 19801.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

1. The debt(s) underlying this action were obligation(s) or alleged obligation(s) of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were

primarily for personal, family, or household purposes.

2. In or around October 2019, Comenity began calling Ms. Maynez on her cellular telephone number, ending in 0686.

3. On or about November 18, 2019, Ms. Maynez answered a call from (913) 312-9486.

4. After picking up the call, Ms. Maynez heard a series of clicks, beeps or tones, and an unusually long delay before Comenity representative, Katherine, began speaking, consistent with the use of an automatic dialing system.

5. Comenity's representative indicated that Comenity was attempting to collect a debt allegedly owed by Ms. Maynez.

6. Ms. Maynez informed the representative that she was could not make a payment.

7. Further, Maynez instructed Comenity to only communicate with her by mail, thereby revoking consent to be called.

8. Despite Ms. Maynez expressly informing Comenity to contact by mail only, and that she could not pay at the time, Comenity began an automated campaign of harassing debt collection calls.

9. Again, on or about March 31, 2020, at approximate., Ms. Maynez received a call on her cell phone from an UNKNOWN number.

10. After picking up the call, Ms. Maynez heard a series of clicks, beeps or tones, and an unusually long delay before Comenity representative, Megan, began speaking, consistent with the use of an automatic dialing system.

11. Comenity's representative indicated that Comenity was attempting to collect a debt allegedly owed by Ms. Maynez.

12. During this call, Ms. Maynez informed the Comenity representative that she could not make a payment and wanted Comenity to contact her through the mail only.

13. Between November 18, 2019 and April 30, 2020, Comenity called Ms. Maynez on her cellular telephone approximately **ONE-HUNDRED AND THIRTY (130)** times after Ms. Maynez revoked consent to be called.

14. On numerous occasions, Comenity called Ms. Maynez several times a day.

15. Comenity called Ms. Maynez's cell phone using different phone numbers and even using UNKNOWN numbers in an attempt to harass her and induce her into making a payment.

16. Upon information and belief, Comenity also called and texted, or attempted to call and text friends and family of Ms. Maynez, with the intention that they would communicate to Ms. Maynez that Comenity was attempting to collect a debt from her, causing Ms. Maynez additional embarrassment and distress.

17. Upon information and belief, Comenity called Ms. Maynez and delivered prerecorded or artificial voice messages.

18. Upon information and belief, Comenity's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

19. Comenity is familiar with the TCPA.

20. Comenity's conduct was not only willful but was done with the intention of causing Ms. Maynez such distress, so as to induce her to pay the debt, or pay more than she was able to.

21. Each and every one of Comenity's telephone calls caused Ms. Maynez distraction, annoyance, frustration, and temporary loss of use of her telephone line.

22. Many of Comenity's calls were placed to Ms. Maynez while she was at work.

23. Ms. Maynez's takes care of her elderly parents and needs to keep her phone on her at all times in case of an emergency.

24. However, Comenity's repeated and harassing phone calls forced Ms. Maynez to mute her cell phone while at work, causing her to suffer from worry and anxiety at the thought her parents may call her for an emergency and she would not be aware.

25. Comenity's intrusion upon Ms. Maynez's seclusion was highly offensive to

the reasonable person and far exceeded reasonable collection efforts. Comenity's conduct was especially unreasonable because it called relentlessly shortly after Ms. Maynez had explained she had no money to pay.

26. As a result of Comenity's conduct, Ms. Maynez has sustained actual damages including but not limited to, stress, anxiety, embarrassment, severe emotional and mental pain and anguish.

## **COUNT I**

### **(Violations of the TCPA, 47 U.S.C. § 227)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned

to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendant knowing and/or willfully violated the TCPA.

29. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendant knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II

**(Violation of the Rosenthal Fair Debt Collection Practices Act, CAL. CIV. CODE § 1788)**

30. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

c. Defendant violated Cal. Civ. Code § 1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

d. Defendant violated Cal. Civ. Code § 1788.11(d) by communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances;

e. Defendant violated Cal. Civ. Code § 1788.10(e) by threating that nonpayment of the consumer debt may result in the seizure, garnishment, attachment or sale of any property.

f. Defendant violated Cal. Civ. Code § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

    i. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any

person in connection with the collection of the alleged debt; and

ii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly;

iii. Defendant violated Cal. Civ. Code § 1788.17 by violating 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt; and

32. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

33. As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

**COUNT III**

**(Intrusion Upon Seclusion)**

34. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

35. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability

to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

36.Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

a. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite multiple requests for Defendant to contact Plaintiff by mail only and to stop calling.

b. The number and frequency of the telephone calls to Plaintiff by Defendant after several requests to stop calling and to contact her through the mail constitute an intrusion on Plaintiff's privacy and solitude.

c. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that often-interrupted Plaintiff's work and daily schedule.

d. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Rocio Maynez respectfully requests judgment be entered against Defendant, Comenity Bank, for the following:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

B. Declaratory judgment that Defendant violated the RFDCPA;

C. Statutory damages of $1,000.00 pursuant to the RFDCPA, Cal. Civ. Code §1788.30(b);

D. Actual damages pursuant to Cal. Civ. Code §1788.30(a);

E. Costs and reasonable attorneys' fees pursuant to the RFDCPA, Cal. Civ. Code §1788.30(c);

F. Punitive damages to be determined at trial, for the sake of example and punishing Defendant for their malicious conduct, pursuant to Cal. Civ. Code § 3294(a).

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

RESPECTFULLY SUBMITTED,

DATED: January 18, 2021

By: */s/ Youssef H. Hammoud*
Youssef H. Hammoud (SBN: 321934)
**PRICE LAW GROUP, APC**
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com
*Attorneys for Plaintiff,*
*Rocio Maynez*